**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000417
08-OCT-2024
07:53 AM
Dkt. 124 SO**

NO. CAAP-20-0000417

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


EDWARD MECKLEY and BLUE DIAMOND PACIFIC, LLC,
Plaintiffs-Appellees,
v.
WILLIAM C. PEEBLES; SUSAN LEE PEEBLES; PEBCO LLC; and
PEBCO LIMITED LIABILITY COMPANY, Defendants-Appellants
and
WINDVISTA FARMS HAWAII LLC, Defendant-Appellee
and
JOHN DOES 1-10, JANE DOES 1-10 and DOE PARTNERSHIPS,
CORPORATIONS, GOVERNMENTAL UNITS or OTHER ENTITIES 1-10,
Defendants

————

WINDVISTA FARMS HAWAII, LLC, Defendant/Counterclaimant-Appellee;
and WILLIAM C. PEEBLES, Defendant/Counterclaimant-Appellant,
v.
BLUE DIAMOND PACIFIC, LLC and EDWARD MECKLEY,
Plaintiffs/Counterclaim Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC171000251)


**<u>SUMMARY DISPOSITION ORDER</u>**
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

This case involves a dispute over a limited liability
company named **Windvista** Farms Hawaii LLC.  Defendants **William** C.

Peebles and **Susan** Lee Peebles (collectively, the **Peebles**) appeal[1] from the Amended Final Judgment for Plaintiffs Edward **Meckley** and **Blue Diamond** Pacific LLC[2] entered by the Circuit Court of the Third Circuit on October 15, 2020.[3]  We affirm in part, vacate in part, and remand for further proceedings consistent with this summary disposition order.

The circuit court conducted a four-day bench trial in March 2020.[4]  Findings of fact and conclusions of law were entered on May 11, 2020.  The trial court's findings not challenged in the Peebles' statement of the points of error are binding.  Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4)(C); Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002).  The court found that Meckley filed Windvista's articles of organization on August 1, 2011.  Meckley was the sole member and manager.  Meckley bought equipment worth $193,385 for Windvista in June 2013.  In November 2013 Meckley offered to buy real **Property** — four parcels called the **Orchard Lots** and one parcel called the **Pasture Lot** — for Windvista.  The seller accepted Meckley's offer.  Meckley didn't know it, but William had also been trying to acquire the Property, and had made several offers.  After William learned that Meckley's offer had been accepted, William contacted the seller.  William disparaged Meckley.  He suggested that Meckley would be unable to close the deal.

In November or December 2013, William approached Meckley and asked to work with him to develop the Property.  On February 11, 2014, Meckley and William met to discuss terms.

---

[1]     Defendants Pebco LLC and Pebco Limited Liability Company are named as appellants, but both were defaulted below, neither moved to set aside the defaults, and neither participated in the trial.

[2]     Meckley is Blue Diamond's sole member.  Blue Diamond has been a member of Windvista since March 1, 2014.

[3]     The Honorable Henry T. Nakamoto presided.

[4]     The Honorable Jeffrey A. Hawk presided.

Meckley took contemporaneous notes.  The trial court found — but the Peebles challenge — that Meckley and William agreed that Pebco LLC would acquire a 75 percent interest in Windvista on these terms: (1) Windvista will close the purchase of the Properties; (2) Windvista will hold title and be the developer; (3) Meckley will have an option to buy the Pasture Lot from Windvista by a 1031 exchange for $400,000; (4) Meckley could buy back 24 percent of Windvista at any time for $500,000; and (5) Pebco LLC will consolidate and resubdivide the Orchard Lots at William's sole cost and expense.

Meckley's and William's agreement was documented in a **Purchase Agreement**.  Meckley and William signed the Purchase Agreement and an amended and restated **Operating Agreement** of Windvista Farms at William's home on March 1, 2014.  Windvista's members were Blue Diamond and Pebco LLC.  Meckley left William's home without taking copies of either document.  William denies that the Purchase Agreement exists.

On March 17, 2014, Meckley added William to Windvista's Bank of Hawaiʻi account.  Since then, William has held himself out as Windvista's owner and excluded Meckley from Windvista's operations.  William never consolidated or resubdivided the Orchard Lots.  In November 2014 William sold one of the Orchard Lots without telling Meckley.  In January 2015 Meckley began trying to exercise his option to buy the Pasture Lot.  In June 2015 William sold another of the Orchard Lots without telling Meckley.  In September 2015, William and Susan altered the Operating Agreement by substituting Susan for Pebco LLC as a member of Windvista.  William and Susan misappropriated Windvista's funds and treated Windvista's assets as their own.

During a meeting on October 29, 2015, William rejected Meckley's attempt to exercise his option to buy the Pasture Lot.  In September 2016 William sold the Pasture Lot for $740,000 without telling Meckley.  On December 31, 2016, William and Susan tried to dissociate Blue Diamond as a member of Windvista, but the writing was not signed by all members of Windvista as

3

required by Hawaii Revised Statutes (**HRS**) § 428-404(c)(1) (2004). William excluded Meckley from Windvista's operations; sold Windvista properties without consulting with Meckley; and failed to honor Meckley's option to acquire the Pasture Lot for $400,000. William locked Meckley out of the Property in December 2017.

Meckley and Blue Diamond sued William, the Pebco entities, and Windvista on July 28, 2017. An amended complaint added Susan as a defendant. The Pebco entities were defaulted; the defaults were never set aside and they did not participate in the trial. A second amended complaint was filed on June 5, 2018. Trial was held in March 2020. A judgment for Meckley and Blue Diamond and against William, Susan, the Pebco entities, and Windvista was entered on May 11, 2020. This appeal followed. The Peebles raise eight points of error. We discuss each below.

**(1)** The Peebles contend the trial court erred by denying their request to continue the trial so they could retain counsel for themselves and Windvista. We review for abuse of discretion. Kam Fui Tr. v. Brandhorst, 77 Hawaiʻi 320, 324, 884 P.2d 383, 387 (App. 1994). The Peebles and Windvista were originally represented by counsel. On April 3, 2019, counsel informed the court she had been discharged and had explained to the Peebles that Windvista had to be represented by an attorney. Eleven months later, on the first day of trial, the circuit court granted Meckley's motion to default Windvista. Only then did William request a continuance to hire "two attorneys, one to handle Windvista, one to handle mine[.]" Meckley objected because a witness was coming from Peru for the trial. Under these circumstances the trial court acted within its discretion by denying a continuance.

**(2)** The Peebles contend the circuit court erred by granting Meckley's motion to compel discovery. We review for abuse of discretion. Anastasi v. Fid. Nat'l Title Ins. Co., 137 Hawaiʻi 104, 111–12, 366 P.3d 160, 167–68 (2016). Meckley moved to compel the Peebles to respond to his second, third, and fourth

4

requests for production of documents. The Peebles didn't file an opposition. When the motion was heard, William stated the documents requested "have already been produced or do not exist[.]" Meckley's counsel stated that the Peebles didn't serve responses to the third or fourth requests. The court explained to the Peebles: "You have to respond formally. If some things do not exist, then you say so. If there are some things that you have already produced, then you say so." The order granting the motion was entered on July 25, 2019. The circuit court acted within its discretion by ordering the Peebles to serve responses to Meckley's written discovery requests.

**(3)** The Peebles contend the circuit court erred by imposing discovery sanctions. We review for abuse of discretion. In re Guardianship of Carlsmith, 113 Hawaiʻi 211, 223, 151 P.3d 692, 704 (2006). Meckley moved in limine to preclude the Peebles from offering evidence of expenses they incurred to operate Windvista, including checks and receipts, that were not produced in discovery. The motion was heard on the first day of trial. William stated: "We haven't given copies of actual checks, but we've given him my check register."

The court explained to the Peebles: "Okay. So if there are checks or other point of sale information that you want to introduce that you haven't turned over, I am going to preclude that. . . . I will let you testify about stuff that you have turned over." The circuit court acted within its discretion by precluding the Peebles from introducing into evidence documents not produced in response to Meckley's written discovery requests. See Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 37(b)(2)(B). The Peebles do not cite any instance where they offered evidence that was excluded despite it having been produced in discovery, or for which no discovery request was made. A trial court does not err by failing to admit evidence that is never offered.

**(4)** The Peebles contend the circuit court erred by "refusing to consider the Peebles' request to compel [Meckley and Blue Diamond to] comply with" the Peebles' discovery requests.

The oral request was made during the hearing on Meckley's motion to compel.  The court explained: "You have to file a written motion, typically, for that."

William asked, "I'm sorry.  File a motion?"

The court answered, "Yeah, a motion."

William said, "Thank you."

The circuit court considered the Peebles' oral request. It explained the procedure called for by HRCP Rule 37(a)(2).  The Peebles didn't follow up.  Their contention of error is without merit.

**(5)**  The Peebles challenge finding of fact (**FOF**) no. 21, about Meckley's and William's agreement on the terms under which Pebco LLC would acquire an interest in Windvista.  We review for clear error.  <u>Est. of Klink ex rel. Klink v. State</u>, 113 Hawai'i 332, 351, 152 P.3d 504, 523 (2007).  The Peebles argue Meckley didn't comply with the best evidence rule, Hawaii Rules of Evidence (**HRE**) Rule 1002, and didn't establish the Purchase Agreement was "lost or destroyed" under HRE Rule 1004(1).  But FOF no. 21 didn't involve the Purchase Agreement, which wasn't signed until March 1, 2014.  It was about the agreement Meckley and William reached during their February 11, 2014 meeting, and it was based on Meckley's testimony and Exhibit 29 — Meckley's contemporaneous notes.  It was supported by substantial evidence and was not clearly erroneous.

Even if FOF no. 21 implicated the contents of the Purchase Agreement, the circuit court found (in unchallenged FOF no. 23) that the February 11, 2014 agreement was memorialized in the Purchase Agreement, which was signed along with the Operating Agreement on March 1, 2014; Meckley did not take a copy of either document when he left William's home; and William denies it exists and "steadfastly refused to produce a copy[.]"  Meckley's testimony was admissible to prove the contents of the Purchase Agreement under HRE Rule 1004(3).

**(6)**   The Peebles challenge FOF no. 34, that there was "no evidence to support [William's] claim that he owns any part of Windvista[.]"   The circuit court found (in unchallenged FOF no. 25) that William "unilaterally deleted Pebco, LLC [from the Windvista Operating Agreement] and added [Susan] as a member, though he did take the time to white out 'PEBCO, LLC, A Hawaii limited liability company' above his name and signature."   The court found (in unchallenged FOF no. 26) that William and Susan altered the Operating Agreement "by redacting the name of the original member, Pebco, LLC and adding Susan Lee Peebles' name by hand at the bottom[.]"   The court found (in unchallenged FOF no. 27) that "[a]s late as December 17, 2015, [William] acknowledged that the ownership, if any, he held in Windvista was in the name of Pebco, LLC, and not held personally by himself or his wife."   The court found (in unchallenged FOF no. 28) that "Pebco, LLC would be responsible for the fiscal management of Windvista[.]"   In an appeal from a jury-waived trial, we "will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge." State v. Kaneaiakala, 145 Hawaiʻi 231, 240, 450 P.3d 761, 770 (2019).   FOF no. 34 was not clearly erroneous.

**(7)**   The Peebles challenge conclusion of law (**COL**) no. 10,[5] that "the actions of [the Peebles] in purporting to dissociate [Meckley] and/or Blue Diamond Pacific, LLC from Windvista are null and void *ab initio*."   COL no. 10 is a mixed finding and conclusion.   It is supported by unchallenged FOF no. 42, Exhibits 3 and 49, and correctly applies HRS § 428-404(c)(1).   It will not be overturned. Est. of Klink, 113 Hawaiʻi at 351, 152 P.3d at 523.

The Peebles contend the circuit court plainly erred because HRS § 428-601(6)(A) provides for dissociation of a member

---

[5]   The Peebles' statement of the points of error identifies COL no. 5, but their argument quotes COL no. 10.

who becomes a debtor in bankruptcy.  We decline to recognize plain error because Exhibit 59 shows Meckley was a debtor in bankruptcy, but Meckley was not a member of Windvista.  Blue Diamond was.  The Peebles cite no evidence showing that Blue Diamond was ever a debtor in bankruptcy.  HRS § 428-601(6)(A) (2004) does not apply.

**(8)**  The Peebles contend the circuit court improperly awarded Meckley and Blue Diamond their attorneys fees and costs without requiring them to file a motion under HRCP Rule 54(d)(2).  They do not challenge the legal basis for the award.  On the last day of trial, the court ordered the parties to "submit any proposed findings and orders and judgments, any requests for attorney's fees and costs . . . within 30 days. . . . I want it in a Word version submitted via email to the Court's email."

Meckley's counsel asked about the then-new Judiciary Electronic Filing System.

The court said, "No, I don't want it filed. . . . Just email it to me.  You can send me a hard copy, as well. . . . But I don't want it efiled."  Accordingly, the record contains no HRCP Rule 54(d)(2) motion for attorneys' fees and nontaxable expenses.

The court's "Findings of Fact; Conclusions of Law; [and] Order" stated:

> H.   Plaintiffs are awarded their attorneys' fees and costs incurred in this action in the amount of $143,418.14 based on the Declaration of Stephen D. Whittaker and Exhibits thereto filed with Plaintiffs' Proposed Findings of Fact, Conclusions of Law and Order.

The Amended Final Judgment awarded Meckley and Blue Diamond attorneys' fees and costs of $143,418.14.  Thus, the trial court clearly did not require the filing of an HRCP Rule 54(d)(2) motion.

Meckley argues that HRCP Rule 54(d)(2) doesn't require a motion when "the substantive law governing the action provides for the recovery of such fees as an element of damages to be

proved at trial[,]" and HRS § 428-1104 provides for recovery of fees by a successful derivative action plaintiff. But HRS § 428-1104 (2004) does not make attorneys' fees an element of damages, and Meckley did not prove attorneys fees as damages at trial. He did it by post-trial declaration of counsel, albeit at the direction of the trial court.

The circuit court erred by awarding attorneys' fees and nontaxable expenses without requiring a motion under HRCP Rule 54(d)(2). We vacate the parts of the May 11, 2020 Findings of Fact; Conclusions of Law; Order and the October 15, 2020 Amended Final Judgment that awarded attorneys' fees and non-taxable costs, and remand for Meckley and Blue Diamond to have the opportunity to file a motion under HRCP Rule 54(d)(2). The May 11, 2020 "Findings of Fact; Conclusions of Law; Order" and the October 15, 2020 "Amended Final Judgment" are affirmed in all other respects.

DATED: Honolulu, Hawaiʻi, October 8, 2024.

On the briefs:

Paul Alston,
Laura P. Moritz,
for Defendants-Appellants
William C. Peebles, Susan
Lee Peebles, Pebco LLC, and
Pebco Limited Liability Co.

Peter Van Name Esser,
Stephen D. Whittaker,
for Plaintiffs-Appellees
Edward Meckley and Blue
Diamond Pacific, LLC.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge